IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| D-NANEKAI TERRELL, | : | |
| Plaintiff | : | Civil Action 2:09-cv-578 |
| v. | : | Judge Graham |
| GARY CROFT, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court pursuant to Plaintiff's Objections to the April 12, 2010 Report and Recommendation of the Magistrate Judge that Defendants' motion to dismiss (Doc. 13) should be granted.  The Report and Recommendation sets forth Plaintiff's factual allegations in some depth; Plaintiff is a prisoner incarcerated at a facility operated as part of the Ohio Reformatory for Women.  She alleges that on one occasion she was placed in disciplinary segregation for fighting because of an alteration in which she was not involved, and on another occasion for unauthorized possession of and dealing medication because of a conduct report issued by an officer whom she was not permitted to question at the Rule Infraction Board ("RIB") hearing.  She brought suit in this court alleging that she was denied her constitutional right to due process of law, that she was discriminated against because other, similarly situated inmates had been found not guilty, and because at

1

least one RIB member had retaliated against her for a prior incident. Defendants moved to dismiss all claims.

In the Report and Recommendation, the Magistrate Judge found that Defendants' motion to dismiss should be granted. With respect to Plaintiff's claim for deprivation of due process, the Magistrate Judge found that prison inmates can only bring suits for deprivation of due process based upon a change in conditions of confinement (such as being placed in administrative segregation) where the prisoner is subjected to an "atypical and significant hardship". *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, merely being placed in administrative segregation is not *itself* an atypical and significant hardship. *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). As Plaintiff had not alleged that her confinement was unusual in some way, or that it had had the effect of lengthening her sentence, she had not stated a claim upon which relief could be granted.

The Magistrate Judge found further that a claim for retaliation can only be founded upon retaliation for having exercised a constitutional right. Plaintiff had claimed in her complaint that RIB hearing officer Lt. Winks had previously accused Plaintiff of assaulting him, and that in participating in a later hearing which sent Plaintiff to administrative segregation Lt. Winks was retaliating for this. However, the Magistrate Judge determined, Plaintiff had not identified any constitutional right she had exercised which caused Winks to retaliate against her, and had therefore not stated a claim for retaliation. In addition, the Magistrate Judge found that Plaintiff's allegations that white inmates had previously received lesser

punishments for fighting were too vague to state a claim for race discrimination, and noted that Plaintiff had not even alleged that the RIB members which sentenced her to administrative segregation were motivated by racism.

This matter is now before the District Judge for *de novo* review pursuant to Plaintiff's objections to the Report and Recommendation.[1] Plaintiff devotes much of her objections to arguing that her complaint is not barred by the statute of limitations. Defendants made this argument in their motion to dismiss. However, as the Magistrate Judge found that the motion should be granted on other grounds, the Court will not address this question. Furthermore, her objections with respect to retaliation and race discrimination are simply conclusory statements that her complaint did properly state a claim and that "people of Rules Infraction board are non-neutral fact finders". (Doc. 18 at 5.) The Court finds here no grounds upon which to overrule the Magistrate Judge.

With respect to her due process claim, Plaintiff seems to argue that the presence of undeserved rule violations in her record would have the effect of lengthening her sentence because they would decrease her likelihood of being paroled. However, because Ohio has a completely discretionary parole system, inmates in Ohio correctional facilities do not have a due process protected liberty interest in being paroled before the expiration of a valid sentence. *Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007). Plaintiff's eligibility or non-eligibility for

---

[1] Defendants argue that Plaintiff's Objections were untimely and should be stricken. (Doc. 19 at 2.) The Court will, however, address them on the merits.

parole does not affect the manner in which she is confined, and, thus, no liberty interest is implicated.  *Id.* at 378, citing *Swihart v. Wilkinson*, 209 Fed.Appx. 456, 459 (6th Cir. 2006).  She consequently does not have a claim for unconstitutional deprivation of due process, because neither temporary placement in administrative segregation nor an unfavorable record for parole affects the manner in which she is confined.

The Magistrate Judge correctly found that Plaintiff failed to state a claim upon which relief could be granted for either denial of due process, retaliation, or race discrimination.  Accordingly, the Report and Recommendation (Doc. 16) is **ADOPTED**.  Defendants' motion to dismiss (Doc. 13) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment for the defendants.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

Date: July 13, 2010